UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JOHN TOLE MOXLEY,

        Plaintiff,

vs.

E.K. McDANIELS, *et al.*,

        Defendants.

3: 10-cv-00071-LRH-VPC

**ORDER**

Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections, has submitted a Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (#1-2).

**I.   Application to Proceed** *in Forma Pauperis*

Based on the financial information provided, the Court finds that Plaintiff is unable to pay an initial partial filing fee. However, even if this action is dismissed, the full filing fee of $350.00 must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

**II.   Screening Pursuant to 28 U.S.C. § 1915A**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). Pro se pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id., see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the

prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**III.    Screening of the Complaint**

Plaintiff sues fourteen defendants in twenty-two counts. All of these counts involve either: (1) refusal by various authorities to process inmate grievances, or (2) denial of access to the courts.

Prisoners have no constitutional right to an inmate grievance system. *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983). Thus, the non-existence of, or the failure of prison officials to properly implement an administrative appeals process within the prison system does not raise constitutional concerns. *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993); *Flick v. Alba*, 932 F.2d 728 (8th Cir. 1991). "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." *Buckley*, 997 F.2d at 495 (citing *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982); *see also Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." *Azeez v. DeRobertis*, 568 F. Supp. at 10; *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Specifically, failure to process a grievance does not state a constitutional violation. *Buckley*, 997 F.2d at 495. Thus, a prison official's involvement and actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action. *Buckley*, 997 F.2d at 495. Accordingly, the Court finds that none of plaintiff's claims alleging a failure to process a grievance states a Constitutional claim.

A prisoner alleging a violation of his right of access to the courts must demonstrate that he has suffered "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349-50 (1996). The right to access the courts is limited to direct criminal appeals, habeas corpus proceedings, and civil rights actions challenging conditions of confinement. *Id*. at 354-55. "An inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is sub-par in some theoretical sense." *Id*. at 351. Rather, the inmate "must go one step further and demonstrate

that the library or legal assistance program hindered his efforts to pursue a legal claim." *Id*. The actual-injury requirement mandates that an inmate "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." *Id*. at 353. In *Lewis v. Casey*, the Supreme Court defined prisoners' right of access to the courts as simply the "right to bring to court a grievance." *Id*. at 354. The Court specifically rejected the notion that the state must enable a prisoner to "litigate effectively once in court." *Id*. (quoting and disclaiming language contained in *Bounds v. Smith*, 430 U.S. 817, 825-26 (1977)); *see also Cornett v. Donovan*, 51 F.3d 894, 898 (9th Cir. 1995) (determining that prisoners' right of access to the courts is limited to the pleading stage of a civil rights action or petition for writ of habeas corpus). The Court finds that in the present case, Plaintiff has failed to identify any nonfrivolous claim which was frustrated or impeded by the alleged actions of Defendants. Accordingly, the court finds that Plaintiff's claims of denial of access to the courts fail to state a claim upon which relief can be granted.

**IV.     Conclusion**

**IT IS THEREFORE ORDERED** that Plaintiff's Application to Proceed *in Forma Pauperis* (#1) is **GRANTED**. Plaintiff shall not be required to pay an initial partial filing fee. However, even if this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

**IT IS FURTHER ORDERED** that Plaintiff herein is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This order granting *in forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(b)(2), the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to Plaintiff's account (inmate #88206), in the months that the account exceeds $10.00, until the full $350 filing fee has been paid for this action. The Clerk of the Court shall send a copy of this Order to the Finance Division of the Clerk's Office. The Clerk shall also send a copy of this Order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

1     **IT IS HEREBY ORDERED** that the Clerk of the Court shall **FILE** the complaint. (Docket #1-2.)

    **IT IS FURTHER ORDERED** that Plaintiff's claims based on failure to process inmate grievances are **DISMISSED** for failure to state a claim upon which relief can be granted.

    **IT IS FURTHER ORDERED** that Plaintiff's claims based on denial of access to the courts are **DISMISSED** for failure to state a claim upon which relief can be granted.

    **IT IS FURTHER ORDERED** that, the Court having dismissed all of the claims in the complaint, the clerk shall enter judgment accordingly and close this case.

    DATED this 15th day of September, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

.